```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

**THOMAS J. SAVOCA,**

    **Movant,**

**v.**                                  **CIVIL ACTION NO. 2:06-00572**
                                    **(CRIMINAL ACTION NO. 2:03-00194-01)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### MEMORANDUM OPINION

Pending before the court is Thomas Savoca's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 197).[1]  By Standing Order entered July 21, 2004, and filed in this case on July 21, 2006, this matter was referred to United States Magistrate Judge Mary E. Stanley.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter.  On September 5, 2007, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") recommending denial of both motions.  (Doc. No. 227.)  Movant filed timely objections on September 19, 2007.  (Doc. No. 230.)  He then moved to supplement his objections on October 1, 2007 (Doc. No. 235), and submitted additional documentation in support of his motion

---

[1] Except where otherwise noted, citations to the record refer to Civil Action Number 2:06-00572.

on April 7, 2008 (Doc. No. 239), and April 30, 2008 (Doc. No. 240). The court has conducted a de novo review as to movant's objections pursuant to 28 U.S.C. § 636(b).

On March 4, 2004, movant was convicted in this court of both counts of a two-count indictment charging him with aiding and abetting aggravated bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and (d) (Count One), and with aiding and abetting the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (Count Two). (Criminal Action No. 2:03-00194-01, Doc. Nos. 18, 99.) In October of 2004, this court sentenced movant to a total term of 384 months, consisting of 216 months as to Count One and 168 months as to Count Two, to be served consecutively. (Criminal Action No. 2:03-00194-01, Doc. No. 131.) The conviction and sentence were subsequently upheld on appeal. (Criminal Action No. 2:03-00194-01, Doc. No. 191.)

On July 21, 2006, Savoca filed the instant motion under 28 U.S.C. § 2255. (Doc. No. 197.) Movant asserts fourteen grounds for relief in support of his motion. Grounds one through nine and eleven through thirteen relate to movant's claim that a fabricated video depicting the police chase of his vehicle was introduced into evidence against him at trial. (Id. at 1-17.) In ground ten, movant asserts that additional fraudulent evidence was introduced at trial depicting bank employees re-enacting the

bank robbery.  (Id. at 15.)  Finally, in ground fourteen, movant claims that the DNA evidence introduced against him at trial was "false" and "grossly incorrect," and that he intends to present evidence from an expert witness to that effect.[2]  (Id. at 17.)

Magistrate Judge Stanley recommended dismissal of grounds one through thirteen after her review of the evidence in question led her to conclude that movant's allegations were spurious, and that no fabricated evidence had been admitted at trial.  (Doc. No. 227 at 12-13.)  Notwithstanding movant's continued assertions to the contrary and demands for an evidentiary hearing on his claims (Doc. Nos. 230, 235), the court must agree with the magistrate judge.

An individual bringing a motion under 28 U.S.C. § 2255 is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  No such hearing is required where the district judge deciding the § 2255 motion is thoroughly familiar with the case.  Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988)(citing McCarthy v. United States, 764 F.2d 28, 31-32 (1st Cir. 1985)).  The undersigned presided over movant's trial and sentencing, and is well acquainted with the overwhelming evidence of movant's guilt.

---

[2]  Movant's objections do not address the magistrate judge's recommended dismissal of ground fourteen, as to which the court has not conducted a de novo review.

Movant's allegations of fraud and fabrication are utterly spurious and do not merit the evidentiary hearing he seeks.

The court therefore **CONFIRMS** and **ACCEPTS** the Proposed Findings and Recommendation of the magistrate judge (Doc. No. 227), **OVERRULES** movant's objections thereto (Doc. Nos. 230, 235), **DISMISSES** movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 197), and **DIRECTS** the Clerk to remove this action from the court's active docket. A Judgment Order of even date will be entered effectuating the court's ruling.

The Clerk is directed to mail a copy of this Memorandum Opinion to all counsel of record and the movant, pro se.

It is **SO ORDERED** this 11th day of July, 2008.

                                        ENTER:

                                        David A. Faber
                                        United States District Judge