```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**THOMAS J. SAVOCA,**

    **Movant,**

**v.**                                    **CIVIL ACTION NO. 2:06-00572**
                                      **(CRIMINAL ACTION NO. 2:03-00194-01)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated July 11, 2008, the court accepted the Proposed Findings and Recommendation of the magistrate judge, overruled movant's objections thereto, and dismissed movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Pending before the court are movant's pro se Rule 59(e) motion to alter/amend/reconsider judgment and movant's amended Rule 59(e) motion and request for judicial notice. (Docs. # 245 and 246).

In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

<u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); <u>see also</u> <u>United States ex rel. Becker v. Westinghouse</u>

Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003); Ohio Valley Envtl. Coalition v. Bulen, No. 3:03-2281, 2004 U.S. Dist. LEXIS 17439, at *8 (S.D.W. Va. Aug. 31, 2004).  The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

    The facts surrounding Savoca's motions do not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit. His motions do not raise evidence unavailable at trial, stem from an intervening change in the applicable law, or demonstrate that a clear error of law has been made.  See Hill, 277 F.3d at 708.  Nor can the court find that its failure to grant the motions would result in manifest injustice to Savoca.

    For the aforementioned reasons, the Rule 59(e) motions are **DENIED**.  The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

    **IT IS SO ORDERED** this 8th day of June, 2010.

                                            ENTER:

                                            David A. Faber
                                            Senior United States District Judge

2