```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**THOMAS J. SAVOCA,**

    **Movant,**

**v.**                              **CIVIL ACTION NO. 2:06-00572**
                           **(CRIMINAL ACTION NO. 2:03-00194-01)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### MEMORANDUM OPINION AND ORDER

By Judgment Order dated July 11, 2008, the court accepted the Proposed Findings and Recommendation of the magistrate judge, overruled movant's objections thereto, and dismissed movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF Nos. 245 and 246).  Thereafter, on June 8, 2010, the court denied movant's pro se Rule 59(e) motion to alter/amend/reconsider judgment and movant's amended Rule 59(e) motion and request for judicial notice.  (ECF No. 252).

Thereafter, on July 15, 2010, Savoca filed a "Motion for Extention [sic] of Time for Filing Certificate of Appealability". <u>See</u> ECF No. 256.  Neither of the court's earlier orders mentioned above addressed Savoca's entitlement to a certificate of appealability.  Rule 11(a) of the Rules Governing Section 2255 Proceedings For the United States District Courts was amended, effective December 1, 2009, to provide that a "district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Therefore, the order denying Savoca's motions under Rule 59(e) should have addressed his entitlement to a certificate of appealability.

The court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

Insofar as Savoca's motion seeks to have this court extend his time for filing a certificate of appealability, that motion is **DENIED**. As noted above, a court issues or denies a certificate of appealability; a party does not "file" one. Furthermore, Rule 11(b) notes that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the

district court issues a certificate of appealability."  In this case, no notice of appeal has been filed.

To the extent that Savoca's motion is properly construed as one seeking an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), it is **DENIED**.  Savoca's repeated involvement in prison altercations is not good cause for a six-month extension of time to file a notice of appeal.[1]

Savoca has also filed:  (1) a motion for a certificate of appealability (filed more than six months after the Rule 59 motions were disposed of); (2) a motion to amend; and (3) a motion for discovery.  (ECF Nos. 267, 270, and 274).  Those motions are **DENIED**.[2]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 4th day of January, 2019.

ENTER: David A. Faber
David A. Faber
Senior United States District Judge

---

[1] However, the United States Court of Appeals for the Fourth Circuit might be willing to construe Savoca's motion as a notice of appeal.  See Clark v. Cartledge, 829 F.3d 303, 304 (4th Cir. 2016) ("[W]e hold that a document filed by a pro se litigant as an extension of time to request a certificate of appealability qualifies as the notice of appeal required by Rule 3.").

[2] Should the appeals court construe Savoca's motion for an extension of time as a notice of appeal, the court recognizes that it would be without jurisdiction to decide the later-filed motions.